COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


PAULA COOK

v.    Record No. 1385-99-2

PETERSBURG DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
MARCH 7, 2000

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Judge

(Judy L. August, on brief), for appellant.
Appellant submitting on brief.

(Joan M. O'Donnell, on brief), for appellee.
Appellee submitting on brief.


Paula Cook appeals the decision of the circuit court terminating her parental rights to her children.  On appeal, Cook contends that the trial court erred by (1) failing to find that Cook's minor children were of an age of discretion and failing to consider their wishes concerning the termination of her parental rights; (2) considering the recommendation of the guardian <u>ad litem</u>; (3) denying Cook due process by failing to hold the termination hearing within ninety days of the perfecting of the appeal, as required under Code § 16.1-296(D); and (4) finding that clear and convincing evidence supported the termination of her parental rights.  Upon reviewing the record and briefs of the

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

parties, we conclude that this appeal is without merit. Accordingly, we affirm the decision of the trial court.

On appeal, under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the Petersburg Department of Social Services (DSS), the party prevailing below. See Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). "Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Id. "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).

> When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."

Id.

-

<u>Consideration of the Wishes of the Children</u>

Code § 16.1-283(H)[1] provides:

> [N]otwithstanding any other provisions of
> this section, residual parental rights shall
> not be terminated if it is established that
> the child, if he is fourteen years of age or
> older or otherwise of an age of discretion
> as determined by the court, objects to such
> termination.

Cook contends that her children had reached an age of discretion and that the trial court erred by failing to consider their wishes.  We find no merit in this contention.

All of Cook's five children were under twelve years old at the time of the circuit court hearing.  "In cases in which the testimony of a child younger than fourteen is sought, the determination of whether or not the child has reached an 'age of discretion' is committed to the sound discretion of the trial court."  <u>Hawks v. Dinwiddie Dep't of Soc. Servs.</u>, 25 Va. App. 247, 253, 487 S.E.2d 285, 288 (1997).  A child has reached the age of discretion if the evidence proves that he or she is "sufficiently mature to have intelligent views and wishes on the subject of the termination proceeding."  <u>Id.</u>  The trial court questioned each child and determined that none were sufficiently mature to have reached an age of discretion.  While the eldest child expressed the desire that Cook's rights not be terminated, the trial court had the opportunity to speak directly with the

---

[1] Following the 1999 amendments, this section is now codified at Code § 16.1-283(G).

child and to assess the maturity displayed in the child's responses. The child displayed faulty understanding of the consequences of the termination of Cook's parental rights, as he indicated he wanted to see his other siblings, only one of whom lives with Cook. The record demonstrates that the younger siblings were also not mature enough to understand the ramifications of the termination proceedings.

"The trial judge is uniquely qualified to appraise the effect of interrogation in each individual setting, including psychological and emotional factors. We are content to leave to his judicial discretion the methods of approaching and resolving this ultimate issue." Deahl v. Winchester Dep't of Soc. Servs., 224 Va. 664, 676, 299 S.E.2d 863, 869 (1983). We find no abuse of discretion in the trial court's assessment of the children's maturity.

## Recommendation by the Guardian ad Litem

Cook contends that the trial court erred by considering the recommendations of the guardian ad litem that termination of her parental rights was in the best interests of the children. Cook quotes the statement of the guardian ad litem that he did not have to "pay attention to burdens of proof, and presumptions and rules of evidence, and solely have to be concerned about the best interest of the kids." The guardian ad litem was obligated to ensure that the best interests of the children were adequately represented. See Code §§ 16.1-266(A) and 16.1-266.1.

-

We find no indication that the guardian _ad_ _litem_ failed to perform these duties.

Moreover, the decision to terminate Cook's parental rights was a matter left to the discretion of the trial court.  Even if the recommendation of the guardian _ad_ _litem_ was tainted, which we do not find, we find it insufficient grounds to vacate the court's decision, which it made based upon its assessment of all the testimony heard _ore_ _tenus_.

## Due Process

Cook contends that she was deprived of her right to due process under the United States Constitution because her termination hearing was not held within ninety days of the perfecting of the appeal from the juvenile and domestic relations district court, as set out in Code § 16.1-296(D).  "The Supreme Court has repeatedly held that 'the use of "shall," in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent.'"  _Carter v. Ancel_, 28 Va. App. 76, 79, 502 S.E.2d 149, 151 (1998); _see_ _Jamborsky v. Baskins_, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994).  The children have been in the custody of DSS since January 1996.  Cook appealed the initial termination decision of the district court on March 6, 1998.  Her termination hearing before the circuit court was held on April 12, 1999.  The record contains no explanation for the delay, although counsel made certain representations before the

-

trial court indicating that attempts to set the hearing earlier were unsuccessful. Cook cites no specific harm that she suffered due to the delay. "Error which does not injuriously affect the interest of the party complaining is not reversible." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991). We find no merit in Cook's assertion that, under the circumstances of this case, the failure to hold a hearing within ninety days, without any showing of harm, requires reversal of the termination orders.

## Sufficiency of the Evidence

The trial court ruled that DSS presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283(C)(2). That section provides that a parent's rights to a child placed in foster care may be terminated if the court finds by clear and convincing evidence that it is in the child's best interests and that

> [t]he parent . . . without good cause, [has] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent . . . without good cause, [has] failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the

-

> time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

Id.

DSS began providing services to the family in March 1995, including services to prevent the removal of the children from the home. In January 1996, the children were removed from Cook's custody due to neglect. Cook was required under the foster care plans to have substance abuse and individual counseling, maintain stable housing and employment, and maintain regular contact with her children. Since these five children came into foster care, Cook moved at least six times, twice due to eviction. Cook repeatedly required assistance with food, clothing, and rent, and maintained sporadic contact with her children after July 1996. Cook also repeatedly provided DSS with inaccurate information concerning her living arrangements and financial condition.

The evidence established that Cook completed the substance abuse counseling and participated in individual counseling, although her therapist indicated that she repeatedly missed appointments and demonstrated little commitment to benefiting from the services offered.

-

At the hearing, Cook testified that she now lived with her fiance in a home for which they paid no rent or utilities in exchange for her care of the elderly man. Cook was unable to say when they moved into the home. While her fiance indicated that he loved the children, he admitted that he had never met them before the hearing.

The trial court found that DSS proved by clear and convincing evidence the statutory requirements of Code § 16.1-283(C)(2). Evidence in the record supports that conclusion. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming . . . responsibilities." Kaywood v. Halifax County Dep't of Social Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

-