QUINCY COUNTRY CLUB *et al.,* Petitioners, v. THE HUMAN RIGHTS COMMISSION *et al.,* Respondents.

Fourth District   No. 4—86—0044

Opinion filed September 24, 1986.—Rehearing denied October 27, 1986.

Samuel C. Patton, of Springfield, for petitioners.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Thomas P. Marnell, Assistant Attorney General, both of Chicago, of counsel), for respondent Illinois Human Rights Commission.

Leahy & Leahy, of Springfield (Mary Lee Leahy, Cheryl Redfield Jansen, and Andrew J. Leahy, of counsel), for respondent Tanya Sherman.

JUSTICE MORTHLAND delivered the opinion of the court:

Complainant Tanya Sherman worked as a bartender for respondent Quincy Country Club (Club). The Club fired Sherman on May 2, 1982, approximately six months after she was hired. Sherman filed a charge of discrimination with the Department of Human Rights, alleging the Club had discriminated against her on the basis of her sex. Ultimately, an evidentiary hearing took place before Administrative Law Judge (ALJ) Jones, who recommended a disposition and noted her general impression of the witnesses' credibility. Prior to issuing a recommended order, ALJ Jones left the employ of the Human Rights Commission (Commission). Accordingly, ALJ Burton, relying upon ALJ Jones' notes and recommendations, along with the record in this cause, prepared a recommended order. After reviewing the case, the three-member Human Rights Commission panel adopted the findings and disposition prepared by the second administrative law judge. The Club appeals from that order.

The complainant alleges that the Club fired her in retaliation for her refusal to continue a sexual relationship with Terry Bolt, the head bartender or bar manager at the Club. The Club counters that she was an unsatisfactory employee and recites a number of deficiencies in her work record. These deficiencies included excessive tardiness, reading books and magazines while on duty, failing to tie her hair back, failing to properly stock the bar, refusing to wait on customers when waitresses were not available, leaving the Club before her shift was scheduled to end, cash shortages, and general insubor-

dination. The Club presented these allegations through the testimony of Club manager Jerry Carnivale, corroborated in some degree by waitress Virginia Benjamin, and Terry Bolt. Benjamin was impeached on several points, most notably with regard to complainant's tardiness.

The complainant conceded that she was tardy on a number of occasions, but asserts that her record in that regard was equal to or better than a number of Club employees. A comparison of time cards, presented as an exhibit at the hearing, supports the contention that the Club did not strongly enforce any policy against tardiness. The complainant also concedes that cash shortage of $1 to $2 occurred on some occasions while suggesting that the shortages were not her fault. However, the complainant denies that she ever read while on duty, failed to tie her hair back, inadequately stocked the bar, refused to wait on customers, or left early without permission of bar manager Terry Bolt.

Although the appellant raises a number of issues, we conclude that the Commission erred in adopting the findings and conclusions of an administrative law judge who had not presided at the evidentiary hearing. Accordingly, we reverse and remand.

Section 8—106 of the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1983, ch. 68, par. 8—106) outlines the procedure to be followed in hearing a complaint filed under the Act. That section provides for a hearing officer to take testimony and make written findings of fact. (Ill. Rev. Stat. 1983, ch. 68, pars. 8—106(E), (F).) Once the hearing officer has prepared a recommended order, the parties may obtain a review by the Human Rights Commission. (Ill. Rev. Stat. 1983, ch. 68, par. 8—107.) The three-member Commission panel may review the record and adopt, modify, or reverse the findings and recommendations of the hearing officer. However, the statute clearly provides that "[t]he Commission *shall* adopt the hearing officer's findings of fact if they are not contrary to the manifest weight of the evidence." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 68, par. 8—107(E)(2).) Thus, the Commission must give the same deference to the hearing officer's findings as this court should give to the findings of a circuit court.

The appellant has argued that the administrative law judge who drafted the proposed order in the instant case could not adequately do so on the basis of the cold record. We agree.

Because of the deference the Commission must give to the hearing officer's proposed disposition, the proposed disposition must result from a procedure designed to ensure accurate results. We be-

lieve the Human Rights Act provides such a procedural framework. However, we do not view the Act as permitting the free substitution of hearing officers, as occurred in the instant case.

This case highlights the need to have a single hearing officer receive evidence and prepare the proposed order. The parties dispute the evidence on nearly every crucial element. Accordingly, the ability to observe the witnesses' demeanor and assess their credibility was of paramount importance. Unless the administrative law judge presiding at the evidentiary hearing also prepares the recommended order, no mechanism exists to ensure that witnesses' testimony will receive its due weight. In the instant case, we cannot determine what weight, if any, the second administrative law judge gave to the impressions of the first. Moreover, we view the Illinois Human Rights Act as contemplating a procedure in which a single hearing officer presides over the taking of evidence and preparing the recommended disposition.

The constitution does not require that the ultimate decisionmaker always hear the testimony relied upon for the decision. (*Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 357 N.E.2d 785.) However, where credibility is a determining factor in a case, we believe the presiding administrative law judge must participate in the decision. In the present case, the Commission could rely only upon the impressions of an administrative law judge who had not participated in the hearing itself. We do not believe that the Illinois Human Rights Act contemplates such juggling of administrative law judges. See *American Welding Supply Co. v. Department of Revenue* (1982), 106 Ill. App. 3d 93, 435 N.E.2d 761.

In light of the foregoing discussion we need not address the other issues raised on appeal. We reverse the order of the Human Rights Commission and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

McCULLOUGH, P.J., and WEBBER, J., concur.