VIRGINIA REAL ESTATE BOARD

v.

WILLIAM H. KLINE

No. 0968-92-1

Decided September 28, 1993

COUNSEL

Richard B. Zorn, Senior Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

Jefferson B. Brown, for appellee.

OPINION

**BENTON, J.**—The Virginia Real Estate Board revoked William H. Kline's real estate broker's license. On this appeal, the Board contends that the trial judge on review of the revocation ruling erroneously concluded: (1) that the death of a hearing officer during the recess of a formal administrative hearing required that the case be reheard *de novo* by the new hearing officer, and (2) that Kline did not waive his right to a *de novo* hearing. We affirm the trial judge's decision.

## I.

After the Board received a complaint concerning Kline's conduct of a real estate transaction, the Board initiated disciplinary action against Kline and began administrative proceedings under the Administrative Process Act (APA). During the course of a formal hearing conducted pursuant to Code § 9-6.14:12, a hearing officer received evidence and heard testimony at a session that lasted from 10:30 a.m. to 8:30 p.m. At the conclusion of that session, the hearing was adjourned and continued to a later date for more testimony. Before the continued hearing could be rescheduled, the hearing officer died.

A new hearing officer held a conference several months later to establish procedures for continuing the hearing. The new hearing officer indicated that he had read the exhibits and the transcript of testimony that the previous hearing officer had heard. Over Kline's objection, the new hearing officer ruled that the evidentiary hearing would not begin anew. The new hearing officer stated that either party "will be allowed to call anybody, or they may . . . rely on the record that already has been adduced."

At the continued hearing, Kline offered additional witnesses and the Board presented a rebuttal witness. Following the taking of evidence, the new hearing officer filed with the Board his recommended findings and decision, in which he concluded that Kline violated the Board's regulations and that Kline breached fiduciary duties. The

Board adopted the recommendations of the new hearing officer, revoked Kline's license, and imposed penalties and costs against Kline.

Kline petitioned the circuit court to vacate the decision of the Board and asserted, in part, that he was entitled to a *de novo* hearing before the new hearing officer. The circuit judge reversed the Board's decision and stated that "[t]he ultimate recommendations to the Board were made by [the new hearing] officer who had not had an opportunity to observe and examine [all] the . . . witnesses." The Board appeals from the order of the circuit judge remanding the case for a new hearing.

## II.

■ The importance of findings based on a fact finder's observation of the witness is a well recognized principle in Virginia.

The credibility of witnesses is a question exclusively for the [fact finder], and where a number of witnesses testify directly opposite to each other, the [fact finder] is not bound to regard the weight of the evidence as equally balanced, they have the right to determine from the appearance of the witnesses on the stand, their manner of testifying, and their apparent candor and fairness, their apparent intelligence, or lack of intelligence, and from all the other surrounding circumstances appearing on the trial, which witnesses are more worthy of credit, and to give credit accordingly.

*Zirkle v. Commonwealth,* 189 Va. 862, 870, 55 S.E.2d 24, 29 (1949). "Traditional principles dictate, both in the civil and criminal law, that the determination of a witness' credibility is within the fact finder's exclusive purview because [the fact finder] has the best opportunity to observe the appearance and demeanor of the witness." *Goodyear Tire & Rubber Co. v. Pierce,* 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

■ We also have recognized these principles within the context of administrative hearings. "Due process of law requires that, where credibility is at issue, the administrative agency making the finding must have the benefit of the impressions of persons who heard the testimony of the witness." *Pierce,* 5 Va. App. at 381, 363 S.E.2d at 437. Indeed, Code § 9-6.14:12 mandates that the hearing officer "shall recommend findings and a decision" after hearing the witnesses. Furthermore, in 1991 the General Assembly expressed a policy that

demeanor findings were significant when it codified, amended, and reenacted Code § 9-6.14:12(C) by adding the following sentence: "The agency shall give deference to findings by the presiding officer explicitly based on the demeanor of the witnesses." The trial judge aptly noted that because this amendment became effective after Kline's case was heard and decided by the Board, the amendment was not applicable to this case. The trial judge did observe, however, that the amendment was "in fact declaratory of existing law at the time of the hearing."

█ Courts in other states have held that a replacement examiner must hold a *de novo* hearing when the replacement examiner has not personally viewed the witnesses giving testimony and a credibility evaluation is relevant to the case. *See, e.g., Stevens Chevrolet, Inc. v. Commission on Human Rights,* 498 A.2d 546, 549 (D.C. 1985); *Quincy Country Club v. Human Rights Comm'n,* 498 N.E.2d 316, 318 (Ill. Ct. App. 1986); *Shawley v. Industrial Comm'n,* 114 N.W.2d 872, 876 (Wis. 1962). In *Stevens Chevrolet,* the Court held "that . . . [an administrative agency is required] to hold a new hearing whenever a hearing examiner becomes unavailable without first reporting his or her initial decision back to the agency, unless the agency can demonstrate that the credibility of witnesses plays no part in the agency's decision." 498 A.2d at 550. The court in *Quincy Country Club* stated in simple but straightforward language the problem encountered in a case such as this.

> Unless the administrative law judge presiding at the evidentiary hearing also prepares the recommended order, no mechanism exists to ensure that witnesses' testimony will receive its due weight. In the instant case, we cannot determine what weight, if any, the second administrative law judge gave to the impression of the first.

498 N.E.2d at 318. We conclude that the same concern pervades the decision in this case.

Several federal courts have reached the same holding in cases arising under the federal APA. See *Appalachian Power Co. v. Federal Power Comm'n,* 328 F.2d 237, 240 (4th Cir.), *cert. denied,* 379 U.S. 829 (1964); *Board of Pharmacy v. Feldman,* 279 F.2d 821 (D.C. Cir. 1960), *aff'g,* 160 A.2d 100 (D.C. Mun. App. 1960); *S. Buchsbaum & Co. v. Federal Trade Comm'n,* 153 F.2d 85, 87 (7th Cir.), *judgment vacated because error waived,* 328 U.S. 818 (1946). In *Appalachian*

*Power Co.,* the court held that "[w]here the original trial examiner hears testimony and the demeanor of witnesses is an important factor, the substitution of a new trial examiner might be improper." 328 F.2d at 240. The court did not find an improper substitution in that case because "the original examiner heard no testimony, and the substituted examiner, who heard all the evidence, also read the transcript of the proceedings before the original hearing." *Id.* At Kline's hearing, the original trial examiner heard a full day of testimony. In the absence of a *de novo* hearing, Kline would have had to recall all of the witnesses who previously testified in order to allow the new hearing examiner to observe personally the witnesses as they testified.

We cannot conclude from this record that the resolution of the instant case did not depend in part on the determination of credibility of the witnesses. "If, in arriving at some material fact or facts, either as a matter of direct determination or predicated inference, it is necessary to choose, or a choice is undertaken to be made, on a personal basis, between things, which some witnesses assert and other witnesses deny, neither of which is inherently incredible, and such a choice is acceptingly or rejectingly capable of affecting the result, proper credibility evaluation is inescapably involved as a salient processive factor." *Gamble-Skogmo, Inc. v. Federal Trade Comm'n,* 211 F.2d 106, 115 (8th Cir. 1954). The record in this case establishes that the original trial examiner heard approximately seven hours of evidence. Kline's intentions and credibility were at issue. Indeed, several character witnesses, who were called on Kline's behalf, testified concerning his veracity for telling the truth. The Board does not point to any issues decided upon by the Board that were not based on a credibility determination. The burden of persuading a reviewing court that credibility is not a factor should remain with the agency at all times. *Stevens Chevrolet,* 498 A.2d at 550.

We find no merit to the Board's argument that Kline waived his right to a *de novo* hearing. Although the new hearing examiner told Kline's counsel that Kline had "the opportunity to call who[m]ever [he chose] to call, whether that be a person who has already testified or a person who hasn't testified," the new examiner also said that he would rely on the record which had already been transcribed for any testimony that was not put on again. The Board, having the burden of proof under Code § 9-6.14:12, relied upon testimony adduced at the hearing before the initial examiner. This procedure unfairly shifted to Kline the burden of re-calling and re-examining the Commonwealth's complaining witness. Kline did not waive his right to object by not re-

calling as his witnesses all of the persons who had previously testified. Such an awkward procedure would not have sufficed as a *de novo* hearing. Kline preserved the issue for review when he specifically objected on several occasions to the failure to grant a *de novo* hearing. We conclude that he did not waive his right to pursue this issue in the courts.

For the foregoing reasons, we affirm the trial judge's order.

*Affirmed.*

Baker, J., and Barrow, J., concurred.