COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


KIMBERLY E. MARTIN
                                    MEMORANDUM OPINION*
v.    Record No. 0582-01-3              PER CURIAM
                                      JULY 17, 2001
TOWN OF PULASKI AND
 VIRGINIA MUNICIPAL LEAGUE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Deborah W. Dobbins; Erin E. Slusser; Gilmer,
              Sadler, Ingram, Sutherland & Hutton, on
              brief), for appellant.

              (S. Vernon Priddy III; P. Dawn Bishop;
              Mark M. Caldwell III; Sands, Anderson, Marks &
              Miller, on brief), for appellees.


     Kimberly E. Martin (claimant) contends the Workers'

Compensation Commission erred in (1) adopting the deputy

commissioner's credibility determination rather than performing

its own independent de novo review of the evidence; and (2)

finding claimant was not credible and she failed to prove that

she sustained an injury by accident arising out of and in the

course of her employment on November 17, 1998.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

The commission recited in its opinion that it was reluctant to reverse the deputy commissioner's factual findings unless plainly in error and that it would defer to the deputy commissioner's credibility determinations in most instances. However, the record plainly shows that the commission independently reviewed the evidence in concluding that the deputy commissioner's determination was not "plainly in error."

The commission's opinion thoroughly recites the testimony of the witnesses, claimant's deposition testimony, the content of the Quick-Fax Report, and the content of the medical records. The commission recognized that the issue of whether claimant proved a compensable injury by accident was factual and depended largely upon her credibility. Regardless of the commission's citation to Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 363 S.E.2d 433 (1987), aff'd after remand, 9 Va. App. 120, 384 S.E.2d 333 (1989), and Virginia Real Estate Board v. Kline, 17 Va. App. 173, 435 S.E.2d 596 (1993), its opinion, taken as a whole, unequivocally shows that the commission weighed the testimony of the witnesses and the content of the medical records and agreed with the deputy commissioner's determination that claimant's testimony was not credible.

In short, the full commission simply found no reason to reverse the deputy commissioner's credibility determination and did not err by adopting the deputy commissioner's findings

- 2 -

rather than reversing his decision. Goodyear Tire prohibits the commission from arbitrarily disregarding the deputy commissioner's credibility determination where it is based upon demeanor or appearance. 5 Va. App. at 382, 363 S.E.2d at 437. However, nothing in Goodyear Tire prohibits the commission from weighing the evidence and adopting the deputy commissioner's credibility determination where it is based upon the substance of the witnesses' testimony.

Accordingly, we find no merit in claimant's argument that the commission applied an incorrect standard of review in rendering its decision affirming the deputy commissioner's decision.

## II.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See

Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d

833, 835 (1970).

The commission ruled that claimant failed to prove that she

was injured as a result of a specific incident at work on

November 17, 1998.  As the basis for its decision, the

commission made the following factual findings:

> [Claimant] testified under oath that
> she felt a pop or pull when her arm twisted
> while engaged in the "chicken wing"
> manuever. . . .  [S]he did not reference
> this particular detail about the injury in
> her initial comment to Sergeant [Jim]
> Gregory, Dr. [James P.] Jonak, or her
> physical therapist.

> In the claimant's deposition testimony,
> she identified a specific instance during
> the performance of a specific maneuver when
> she felt her shoulder pop and pull.  She
> recalled that incident occurred on the
> second day of a five-day training program at
> approximately 2 or 3 p.m.  Although the
> claimant said that her shoulder hurt
> immediately and at the Hearing, testified
> that she "knew that [she] had hurt [her] arm
> . . ." she did not report the injury until
> the training course was over.  Although she
> purportedly knew what had caused her arm to
> hurt, she never reported this specific,
> identifiable event to Sergeant Gregory, Dr.
> Jonak, or her physical therapist.

> Gregory testified that when the
> claimant told him that she thought she had
> pulled a muscle in her shoulder and needed
> to see a doctor, she did not tell him, and
> he did not know, that the problem was
> work-related.  He said that several months
> later, when he reviewed the "Quick Fax
> Report," he thought that she had been
> injured at work, but that the injury
> developed over the course of the five-day
> training program.  Gregory said that he was

not aware of a specific event that caused the claimant's injury.

Dr. Jonak's initial treatment record of December 11, 1998, reflects that the claimant had been "doing a lot of physical activity to help build her upper body strength. . . ." and was having left shoulder discomfort. There is no mention of the five-day training program or of the specific injury she alleges occurred on the second day of that program. The physical therapist's December 15, 1998, report reflects that four weeks prior, the claimant was in a defensive tactics course, but noted that she did not notice any soreness until the next morning.

. . . [N]early a year after the accident, in a September 2, 1999 "Quick-Fax Report," claimant reported that she "[d]id not realize . . ." that she had injured herself and "just thought [her] muscles were very sore."

(Deposition citations omitted.)

The commission's findings are amply supported by the record. As fact finder, the commission was entitled to reject claimant's hearing and deposition testimony that a specific incident occurred. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire, 5 Va. App. at 381, 363 S.E.2d at 437. In this instance, the issue of whether claimant sustained an injury due to a specific identifiable incident occurring at work on November 17, 1998 was dependent upon her credibility. The commission, in considering the testimony of the witnesses, the content of the Quick-Fax Report, and the content of the medical

- 5 -

records, found that claimant's evidence was insufficient to establish her claim.

In light of Gregory's testimony, the content of the Quick-Fax Report, and the lack of any history of a specific incident in Dr. Jonak's or the physical therapist's medical reports, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>