COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


C. G.

                                              MEMORANDUM OPINION* BY
v.        Record No. 2605-07-4               JUDGE JEAN HARRISON CLEMENTS
                                                    AUGUST 5, 2008
VIRGINIA DEPARTMENT
  OF SOCIAL SERVICES


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Dennis J. Smith, Judge

            Allen H. Sachsel (Stephen A. Armstrong, on briefs), for appellant.

            Noëlle L. Shaw-Bell, Assistant Attorney General (Robert F.
            McDonnell, Attorney General; David E. Johnson, Deputy Attorney
            General; Kim F. Piner, Senior Assistant Attorney General, on brief),
            for appellee.


        C.G. (appellant) appeals from a decision of the trial court sustaining the administrative

finding by the Virginia Department of Social Services (VDSS) that he sexually abused his minor

granddaughter.  On appeal, he contends that VDSS had no subject matter jurisdiction to decide

the matter and that the trial court erred in finding substantial evidence supported VDSS's

determination.  Finding no error, we affirm the trial court's decision.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

Fairfax County Department of Family Services (FCDFS) received a complaint alleging that appellant sexually abused A.G., his nine-year-old granddaughter, during a family beach trip in North Carolina in July 2002.  Following an investigation, FCDFS made a "Founded" determination of "Level Two" sexual abuse against appellant.  The consequence of a level two finding requires that the abuser's name be retained by the central registry for seven years.  See 22 VAC 40-700-30.

Subsequently, appellant petitioned VDSS for a hearing on the matter.  A VDSS hearing officer conducted an evidentiary hearing and sustained FCDFS's disposition.  Appellant sought judicial review in the trial court.  Finding the agency record contained substantial evidence in support of the VDSS decision, the trial court dismissed the appeal.

This appeal followed.

II.  SUBJECT MATTER JURISDICTION

As a preliminary matter, we have recognized that "to administer child protective services in the Commonwealth, the General Assembly delegates authority to VDSS, a state agency governed by a state board, Code § 63.2-215, and also requires that there 'shall be a local department of social services for each county or city under the supervision and management of a local director.'"  Christian v. Virginia Dep't of Soc. Servs., 45 Va. App. 310, 312, 610 S.E.2d 870, 871 (2005) (quoting Code § 63.2-324).  Pursuant to Code § 63.2-1503, the local department is "the public agency responsible for receiving and responding to complaints and reports" of child abuse.  In addition, the "local department of jurisdiction" is "the local department in the city or county in Virginia where the alleged victim child resides . . . ."  See 22 VAC 40-705-10.  In this case, FCDFS is the "local department of jurisdiction," and thus, it had the responsibility to

investigate and make a disposition in response to the complaint that appellant sexually abused A.G., a child victim who resided in Fairfax County.

Appellant asserts, however, that VDSS "lacked subject matter jurisdiction to decide a matter and impose penalties" for acts that occurred in North Carolina. In support of that contention, appellant argues that VDSS conducted a quasi-criminal proceeding and that inclusion of his name on a list of sex offenders is punitive. We disagree.

Appellant concedes, on brief and in oral argument, that if the proceeding is civil, his contention has no merit. In J.P. v. Carter, 24 Va. App. 707, 727, 485 S.E.2d 162, 172 (1997), we stated that the "administrative proceedings under the [Child Abuse and Neglect Act (Act)[1]] are not criminal in nature and are not intended to punish or rehabilitate the abuser." In making that determination, we noted that VDSS's primary purpose is

> "to investigate complaints of child abuse and, when necessary, provide appropriate services for the child or family." Notably, the purpose of the Act is not one of punishment and correction of the alleged abuser. Rather, under this statute, the policy of protecting abused children and preventing further abuse of those children is key.

Id. at 726, 485 S.E.2d at 172 (quoting Jackson v. W., 14 Va. App. 391, 408, 419 S.E.2d 385, 395 (1992)). We further concluded that inclusion of appellant's name in the central registry is "an administrative remedy to combat the danger identified by the General Assembly in the Act." Id. at 727, 485 S.E.2d at 172. We also noted that VDSS has "no authority to bring additional criminal charges." Id.

In accord with the principles set forth in Carter, we conclude that the proceeding before VDSS in this case was not quasi-criminal and the inclusion of appellant's name in the central

---

[1] The Child Abuse and Neglect Act was repealed in 2002 and recodified as Code §§ 63.2-1500 through 63.2-1529.

registry is not punitive. Thus, because the proceeding was civil in nature, we find appellant's

challenge to VDSS's subject matter jurisdiction without merit.

### III. SUBSTANTIAL EVIDENCE

Appellant also claims the trial court erred in finding substantial evidence supported the

VDSS disposition. We disagree with appellant.

"We view the evidence in the light most favorable to the agency and limit our review of

issues of fact to the agency record." Mulvey v. Jones, 41 Va. App. 600, 602, 587 S.E.2d 728,

729 (2003).

> On appeal of an agency decision, "the sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision. The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind necessarily would come to a different conclusion." In making this determination, "the reviewing court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

Chippenham & Johnston-Willis Hosps., Inc. v. Peterson, 36 Va. App. 469, 475, 553 S.E.2d 133,

136 (2001) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7

(1988)).

Here, the agency record showed that on four separate occasions, A.G. disclosed a

consistent account of appellant's abuse on a family beach trip in North Carolina in July 2002.

Specifically, she relayed that the day before her grandparents' anniversary, she and appellant lay

on the couch on the basement level of the beach home. A.G., who pretended she was asleep, felt

appellant place his hand inside her clothing and touch her vagina. Appellant also took A.G.'s

hand and placed it in his pants. A.G. felt sweaty, hairy skin and believed she touched the skin on

appellant's penis. Appellant stopped the behavior when A.G. pretended to wake up.

Nevertheless, appellant claims that A.G.'s allegations are incredible and "self-contradictory." To support that contention, he asserts that during a videotaped interview of A.G. conducted by a FCDFS investigator, A.G. held her hand to her stomach when the investigator asked her to point to the area where appellant touched her. Appellant also claims that VDSS failed to consider that A.G.'s disclosure of the abuse to her out-of-state cousin was in response to her cousin having first told her about another person who had been sexually abused and that there was "no evidence as to what details [A.G.] was told about that other person's situation." Appellant claims that "in its incomplete investigation," VDSS never interviewed the out-of-state cousin. Furthermore, appellant contends that VDSS discounted the significance of the "triggering television program" that caused A.G. to tell her mother about the abuse. Appellant also discredits A.G. because he contends she vacillated in her definiteness by telling her aunt that she "might have dreamed" the abuse and also prefaced some of her statements to the FCDFS investigator during the videotaped interview with "I think." We find appellant's assertions to be without merit.

We are mindful that within the context of administrative hearings, "'the determination of a witness' credibility is within the fact finder's exclusive purview because [the fact finder] has the best opportunity to observe the appearance and demeanor of the witness.'" Virginia Real Estate Bd. v. Kline, 17 Va. App. 173, 175, 435 S.E.2d 596, 598 (1993) (quoting Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987)). "It is within the province of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts presented." Sanchez v. Commonwealth, 41 Va. App. 319, 335, 585 S.E.2d 327, 335 (2003), rev'd on other grounds, 268 Va. 161, 167, 597 S.E.2d 197, 200 (2004). Witness credibility determinations shall not be disturbed on appeal unless the

- 5 -

testimony is "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984).

We have also noted in a case involving a young victim of sexual abuse whose rendition of the abuse was not entirely consistent, that

> "[t]he fact that a witness makes inconsistent statements in regard to the subject matter under investigation does not render his testimony nugatory or unworthy of belief. It is the province of the trier of the facts . . . to pass upon such inconsistent statements and give or withhold their assent to the truthfulness of the particular statement."

Lockhart v. Commonwealth, 34 Va. App. 329, 342, 542 S.E.2d 1, 7 (2001) (quoting Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989)).

Applying these principles to the circumstances of this case, we conclude that the discrepancies presented by appellant's contentions do not render A.G.'s account of the incident inherently incredible as a matter of law. The fact that A.G. pointed to her abdomen in describing where appellant touched her does not discount her multiple consistent statements that appellant touched her vagina. A.G.'s statements are not unbelievable because she told an out-of-state cousin of the abuse after being told of another story of abuse. VDSS's failure to further investigate the circumstances of A.G.'s disclosure to the cousin does not discredit A.G. A.G.'s disclosure to her mother immediately after having viewed a "triggering television program" does not render her account of the incident implausible. Furthermore, A.G.'s statement that she may have dreamt the incident and her prefacing some statements with "I think" does not discount A.G.'s consistent disclosures of the abuse to four people at different times. Indeed, the trial court found, as do we, that despite minor inconsistencies, the VDSS hearing officer rejected any discrepancies and found the basic allegation believable.

We also reject appellant's additional challenges to the hearing officer's evidentiary determinations. In accord with the fact finding function, the VDSS hearing officer resolved the

conflicts, weighed the evidence, and drew inferences from the facts presented. In so doing, the hearing officer found that A.G.'s basic account of the abuse, relayed to the FCDFS investigator during the videotaped interview, was not in response to leading or suggestive questions. The hearing officer also made a determination within his purview that appellant's expert was not persuasive and found appellant and his wife incredible. In addition, the hearing officer implicitly did not attach significance to the effect of A.G.'s parents' divorce on A.G., to A.G.'s father's criminal history, or to A.G.'s showering with her father and father's girlfriend.

Based on our review of the agency record, we cannot say a reasonable mind necessarily would come to a different conclusion on these evidentiary determinations. The evidence was neither inherently incredible nor so contrary to human experience as to render it unworthy of belief as a matter of law. See Simpson v. Commonwealth, 199 Va. 549, 558, 100 S.E.2d 701, 707 (1957). We find, therefore, that the trial court did not err in finding substantial evidence supported the VDSS determination.

## IV. CONCLUSION

Accordingly, we affirm the trial court's decision.

Affirmed.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

- 7 -