COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

JEROME TRAVIS, SR.

                                                        MEMORANDUM OPINION*
v.       Record No. 0495-13-2                              PER CURIAM
                                                        SEPTEMBER 24, 2013
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                              Nathan C. Lee, Judge

              (Gail H. Miller, on briefs), for appellant.

              (Kenneth T. Cuccinelli, II, Attorney General; Rita W. Beale, Deputy
              Attorney General; Kim F. Piner; Senior Assistant Attorney General;
              Allen T. Wilson, Senior Assistant Attorney General, on brief), for
              appellee.


        Jerome Travis, Sr. appeals an order denying his petition for appeal because the time period

for appeals had expired.  Travis argues that the circuit court erred by (1) "finding substantial

evidence in the record to support the Administrative Hearing Officer's findings that Mr. Travis

received both verbal and written notification of the Agency findings"; (2) "interpreting Virginia

Code § 63.2-1505(B) in a manner that fails to comport with constitutional due process requirements

and in finding that the Agency complied with its provisions"; (3) "finding that Mr. Travis' time for

appealing the abuse finding expired"; and (4) "finding that Mr. Travis only preserved on appeal the

issue of whether there is substantial evidence in the record that he was notified of the founded

disposition," and not the issues of whether the Agency acted in accordance with the law and

whether he was denied due process and an opportunity to challenge the Agency's finding of abuse.

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

In January 2008, the Prince George Department of Social Services (the local department) investigated Travis for possible child abuse. On January 23, 2008, a social worker from the local department interviewed Travis via telephone. During the interview, Travis asked whether a founded disposition would affect his career and if he could appeal the decision. The social worker's notes indicate that she told him that he could appeal, but "the physical evidence is there and he did acknowledged [sic] spanking the child." The social worker's notes further documented that she told Travis that she "has not yet decided on the level of abuse and would need to review the policy."

On February 1, 2008, Travis informed the local department of a change in his address and provided the local department with his mailing address.

On March 24, 2008, the local department mailed a letter to Travis at the mailing address he provided. The letter informed Travis that there was a finding of physical abuse, at level 1, and Travis had the right to appeal the finding within thirty days of receipt of the letter.

On May 31, 2012, the Virginia Department of Social Services (the Department) received a letter from Travis. Travis requested an appeal of the founded case of abuse from 2008. He stated that he never received a letter notifying him of the abuse finding.

On June 15, 2012, the Department mailed a letter, via certified and first class mail, to Travis that it would hold a "limited jurisdiction hearing" to determine whether he "made a timely request for a local conference hearing."

At the hearing, the local department testified about the telephone conversation with Travis on January 23, 2008 and stated that it mailed the March 24, 2008 disposition letter to

Travis. The local department further stated that the March 24, 2008 letter was not returned by the post office. Travis admitted to having the telephone conversation with the social worker on January 23, 2008, but denied receiving the March 24, 2008 letter from the local department. Travis explained that if he had known about the finding, then he would have appealed the decision.

On July 9, 2012, the hearing officer denied Travis' appeal because there was a "preponderance of the evidence that [Travis] was notified of the determination in a timely manner and failed to request an appeal of the Agency's determination." Travis appealed the decision to the Prince George County Circuit Court.

The parties submitted memoranda in support of their positions and presented argument on January 25, 2013.[1] On February 15, 2013, the circuit court entered a "Memorandum Order," and affirmed the hearing officer's ruling. The circuit court concluded, "[Travis] may not appeal the Agency's founded disposition of abuse because the time period for appeals has expired and there is substantial evidence in the agency record that shows [Travis] was given both verbal and written notification of the Agency's disposition and his right to appeal." This appeal followed.

ANALYSIS

*Subject matter jurisdiction*

For the first time, in his reply brief, Travis argues that the local department lost subject matter jurisdiction over the case when it did not make its finding within forty-five days. Code § 63.2-1505(B)(5) states, in pertinent part:

---

[1] Travis did not file a transcript or written statement of facts of the January 25, 2013 hearing. Based on the record, including the parties' memoranda and the circuit court's "Memorandum Order," we conclude that a transcript or written statement of facts of the January 25, 2013 hearing is not necessary for a determination of the issues on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

> If the local department responds to the report or complaint by conducting an investigation, the local department shall:
>
> \*   \*   \*   \*   \*   \*   \*
>
> Determine within 45 days if a report of abuse or neglect is founded or unfounded and transmit a report to such effect to the Department and to the person who is the subject of the investigation. However, upon written justification by the local department, such determination may be extended, not to exceed a total of 60 days.

Travis emphasizes that the date of referral was December 20, 2007, but the local department did not issue its finding until March 24, 2008. Pursuant to Code § 63.2-1505(B)(5), the local department issued its finding late, so Travis contends it lost subject matter jurisdiction.

In Carter v. Ancel, 28 Va. App. 76, 502 S.E.2d 149 (1998), the Court analyzed the language in Code § 63.1-248.6(E)(7), the predecessor of Code § 63.2-1505(B)(5). The Court cited a previous case, which held that "the word 'shall' . . . was procedural, not jurisdictional." Id. at 78, 502 S.E.2d at 150 (citing J.B. v. Brunty, 21 Va. App. 300, 464 S.E.2d 166 (1995)). The Court further held that, "because the time limitation is procedural, Ancel must show some harm or prejudice caused by the failure to file written justification to extend the time for filing before the circuit court may reverse the DSS determination." Id. at 79, 502 S.E.2d at 151.

In this case, Travis failed to show any harm or prejudice because the local department issued its letter of finding on March 25, 2008, as opposed to February 4, 2008. Therefore, the local department did not lose its subject matter jurisdiction over the case.

*Assignment of error 1 – Notification of the findings*

Travis argues that the circuit court erred by holding that there was evidence in the record to show that he received verbal and written notification of the local department's findings of abuse.

- 4 -

"When the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be to determine whether there was substantial evidence in the agency record to support the agency decision." Code § 2.2-4027.[2]

"The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988) (citations omitted).

Contrary to Travis' argument, the record contained sufficient evidence to support the hearing officer's ruling that Travis received oral and written notification of the local department's findings. The social worker's notes reflect the January 23, 2008 telephone conversation. The social worker told Travis that "he could appeal, however, the physical evidence is there and he did acknowledged [sic] spanking the child." Furthermore, the local department's letter regarding the founded disposition was sent to the address provided by Travis, and the letter was not returned. The hearing officer found this evidence to be sufficient. The hearing officer further held that the social worker's account is "more reliable" than Travis, who could not remember the exact telephone conversation. The social worker's notes were contemporaneous and reliable. Likewise, the circuit court found that there was "substantial evidence in the record to support the Hearing Officer's findings."

Unless the witness testimony accepted by the hearing officer is "'inherently incredible,'" a court reviewing the agency's action may not set aside the hearing officer's credibility determination. Virginia Real Estate Bd. v. Kline, 17 Va. App. 173, 177, 435 S.E.2d 596, 599 (1993) (quoting Gamble-Skogma, Inc. v. FTC, 211 F.2d 106, 115 (8th Cir. 1954)).

---

[2] Code § 2.2-4027 was amended in 2013, and the changes went into effect on July 1, 2013. Both parties concede that the changes do not affect the standard of review in this case.

In this case, the hearing officer found the Department's evidence to be more credible than Travis' evidence. There is nothing in the record to suggest that the Department's evidence was "inherently incredible." Id. Therefore, the circuit court did not err in finding that there was substantial evidence to support the hearing officer's findings.

*Assignments of error 2, 3, and 4 – Preservation of errors*

Travis argues that the circuit court erred in finding that he preserved for appeal only the issue of "whether there is substantial evidence in the record that he was notified of the founded disposition and his right to appeal." He contends the circuit court erred in applying Pence Holdings, Inc. v. Auto Center, Inc., 19 Va. App. 703, 454 S.E.2d 732 (1995), to his case. In Pence Holdings, the Court held "that an appellant, under the provisions of the APA, may not raise issues on appeal from an administrative agency to the circuit court that it did not submit to the agency for the agency's consideration." Id. at 707, 454 S.E.2d at 734.

The Court upheld this ruling in Doe v. Virginia Board of Dentistry, 52 Va. App. 166, 176, 662 S.E.2d 99, 104 (2008) (en banc). Doe raised several issues for the first time at the circuit court level, and the Court found that the issues were not preserved since he did not raise them earlier. Id.

Travis argues that his case differs from Pence Holdings and Doe. He notes that the Department held a "limited jurisdiction hearing" to determine whether he "made a timely request for a local conference hearing." Even though the hearing was limited in its scope, Travis had the opportunity to present his arguments, but he did not do so.

Travis contends that Code § 2.2-4027 and Rule 2A:4 do not limit the "errors to be considered in administrative appeals to only those raised at the administrative hearing." However, the case law, as stated in Pence Holdings and Doe, does limit Travis' ability to raise new issues at the circuit court level.

Accordingly, with respect to the fourth assignment of error, the circuit court did not err in holding that Travis only preserved the issue of whether there was substantial evidence in the record that he was notified of the founded disposition. Travis raised for the first time in the circuit court the issues in his second assignment of error of whether his due process rights were violated and whether the local department was required to ensure actual receipt of the March 24, 2008 letter, and the issue in his third assignment of error of whether the time for filing the appeal had expired because he had not received the letter. Since Travis did not present these arguments to the hearing officer, we will not consider the second and third assignments of error.

*Attorney's fees and costs*

Travis requests an award of attorney's fees and costs incurred on appeal and pursuant to Code § 2.2-4030. We deny Travis' request for attorney's fees and costs because the Department prevailed in this appeal.

CONCLUSION

For the foregoing reasons, we summarily affirm the circuit court's holding that substantial evidence supported the agency finding that Travis' appeal was not timely. Rule 5A:27.

Affirmed.