COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


CLARENCE H. CARTER, COMMISSIONER,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES
                                          OPINION BY
v.    Record No. 2804-97-1    JUDGE RUDOLPH BUMGARDNER, III
                                          JULY 21, 1998
PATRICK J. ANCEL


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                 Leonard B. Sachs, Judge Designate

            Daniel J. Poynor, Assistant Attorney General
            (Mark L. Earley, Attorney General; Ashley L.
            Taylor, Jr., Deputy Attorney General;
            Siran S. Faulders, Senior Assistant Attorney
            General, on briefs), for appellant.

            Michael T. Hurd (Dusewicz & Soberick, P.C.,
            on brief), for appellee.


     Clarence H. Carter, Commissioner of the Virginia Department

of Social Services (DSS), appeals a decision by the circuit court

that DSS lacked jurisdiction to decide that a complaint of sexual

abuse against Patrick J. Ancel was "founded."  The Commissioner

contends that the circuit court erred when it ruled that DSS

lacked authority to act upon a complaint after forty-five days

without having written justification to extend the time as

required by Code § 63.1-248.6(E)(7).  Finding that the trial

court erred in its ruling, we reverse the decision.

     The Gloucester County DSS received a complaint on August 16,

1996 that Ancel had sexually abused his three children.  The

department investigated the allegations, and on October 15, 1996,

sixty days after receiving the complaint, issued a determination

of "founded" in one case.  During the investigation, Ancel made no complaint about the delay, but he appealed the "founded" determination to the circuit court.  He assigned as error the failure of DSS to issue the report within forty-five days of the complaint.  The trial court found that the agency did not submit a written justification for a fifteen-day extension as authorized by Code § 63.1-248.6(E)(7).  The court held that the wording of Code § 63.1-248.6(E)(7) requiring written justification to extend the time was mandatory and DSS's failure to comply terminated its jurisdiction to act.  The court ordered DSS to amend its records to a finding of "unfounded."

J.B. v. Brunty, 21 Va. App. 300, 464 S.E.2d 166 (1995), controls our decision.  In that case, this Court held that the word "shall" in former Code § 63.1-248.6(E)(7) was procedural, not jurisdictional.  The forty-five-day limitation for making a determination was "merely directory, not mandatory, and only affected appellant's procedural rights."  Id. at 303, 464 S.E.2d at 168.  Therefore, DSS had jurisdiction to act after the forty-five-day limit had passed and did not exceed its authority by issuing its report more than forty-five days after receiving the complaint, absent a showing of prejudice.

The statute was amended before Brunty was decided and has been amended once after that decision.  The revised statute[1]

_____

[1]The current statute states that

> [t]he local department shall . . .:

> *      *      *      *      *      *      *

- 2 -

enables DSS to obtain a fifteen-day extension to file the report upon submitting a written justification.  The revision extends the maximum period for an investigation to sixty days.  See id. This amendment was not enacted in response to Brunty because the amendment was adopted before we decided that case.  The second amendment, which tolls the period for filing the report when the child cannot be located, does not address or modify the holding in Brunty that the time limit is procedural.  Neither the timing nor the wording of either amendment suggests the General Assembly intended that DSS's compliance with the forty-five-day filing requirement become a jurisdictional mandate.  The Supreme Court has repeatedly held that "the use of `shall,' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent."

---

> Determine within forty-five days if a report of abuse or neglect is founded or unfounded and transmit a report to such effect to the central registry **and to the person who is the subject of the investigation.  However, upon written justification by the local department, such determination may be extended, not to exceed a total of sixty days.** *If through the exercise of reasonable diligence the department is unable to find the child who is the subject of the report, the time the child cannot be found shall not be computed as part of the forty-five-day or sixty-day period and documentation of such reasonable diligence shall be placed in the record.*

Code § 63.1-248.6(E)(7) (underlining added; bold section added by the legislature, 1994 Acts of Assembly c. 675; section in italics added by the legislature, 1996 Acts of Assembly c. 863).

Caccioppo v. Commonwealth, 20 Va. App. 534, 537, 458 S.E.2d 592, 594 (1995) (citations omitted).  See Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994).

The statute does not expressly provide for a sanction or remedy against DSS for noncompliance with the written justification requirement.  However, because the time limitation is procedural, Ancel must show some harm or prejudice caused by the failure to file written justification to extend the time for filing before the circuit court may reverse the DSS determination.  In this case, the department acted within sixty days from the complaint which is within the maximum period allowed.  Ancel did not complain of the lack of written justification for the fifteen-day delay and has alleged no prejudice because of it.  Accordingly, we reverse the decision and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.