PRESENT:  Carrico, C.J., Lacy, Hassell, Koontz, Kinser, and Lemons, JJ., and Compton, S.J.

PHILLIP WEATHERS

v.  Record No. 010471

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE A. CHRISTIAN COMPTON
November 2, 2001

FROM THE COURT OF APPEALS OF VIRGINIA

In this criminal appeal, the sole question is whether the Court of Appeals of Virginia correctly affirmed a trial court's action in admitting evidence of defendant's prior convictions.

Indicted in the Circuit Court of Fairfax County for distribution of cocaine, defendant Phillip Weathers was found guilty by a jury.  The bifurcated trial proceeded immediately to the sentencing phase.  During that phase, over defendant's objection, the trial court admitted evidence of defendant's three prior felony convictions.

Subsequently, confirming the jury's verdict of guilty, the trial court sentenced defendant to 11 years confinement with three years suspended.  Upon appeal, the Court of Appeals affirmed the conviction in an unpublished opinion.  Weathers v. Commonwealth, Record No. 0987-00-4 (Jan. 30, 2001).  We awarded defendant this appeal, limited to consideration of the foregoing question.

Code § 19.2-295.1 states in pertinent part:

"The Commonwealth shall provide to the defendant fourteen days prior to trial notice of its intention to introduce evidence of the defendant's prior criminal convictions . . . Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing."

In the present case, more than 14 days prior to trial, the prosecution notified defendant of its intention to introduce evidence of defendant's three prior criminal convictions. During the guilt phase of the trial, and after the jury had begun deliberations, the prosecutor provided defendant with photocopies of certified copies of the prior convictions, which eventually were received in evidence.

On appeal, defendant concedes that the prosecutor complied with the statutory 14-day notice requirement. He contends, however, that the prosecutor failed to comply strictly with the statutory copying requirement because he was not furnished with the photocopies "prior to commencement of trial." Therefore, defendant argues, evidence of his prior convictions should not have been admitted, and the Court of Appeals erred in affirming the trial court's action. We do not agree.

The Court of Appeals ruled that defendant was given "proper notice" of the prosecutor's intention to rely on the prior convictions at sentencing, and that defendant failed to show his ability to dispute these convictions "was prejudiced." Slip op. at 7. Continuing, the court said that because the prosecutor

2

"substantially complied" with Code § 19.2-295.1 and defendant had "sufficient notice," the trial court correctly admitted the convictions into evidence at sentencing.  Id.

The Court of Appeals relied upon its decision in Lebedun v. Commonwealth, 27 Va. App. 697, 501 S.E.2d 427 (1998).  In that case, the court said that the foregoing statute is "procedural in nature" and "does not convey any substantive right."  Id. at 717, 501 S.E.2d at 437.  Citing Commonwealth v. Rafferty, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991), the court determined that the statute's notice provisions are "merely directory," and precise compliance was not essential to the validity of the proceedings.  Lebedun, 27 Va. App. at 717, 501 S.E.2d at 437.

As the Attorney General argues, the General Assembly has acquiesced in the 1998 Lebedun decision because it amended the statute in 2001 (Acts 2001, ch. 389) but did not abrogate the Lebedun holding.  When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly.  See Pitts v. United States of America, 242 Va. 254, 261 n.2, 408 S.E.2d 901, 905 n.2 (1991).

Accordingly, we hold that, although the statute means what it says and its directions should be followed, there has been

3

substantial compliance with it in this case, and evidence of the prior convictions was properly admitted, there having been no showing of prejudice to the defendant. Indeed, defense counsel stated to the trial court when the issue was being discussed, "I'm conceding that it didn't prejudice the Defendant. I'm just relying on the statute."

Consequently, the Court of Appeals did not err and its judgment will be

Affirmed.