COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Alston and Senior Judge Coleman
Argued at Alexandria, Virginia


DEAN MARRISON AND ASHLEY MARRISON
                                                          OPINION BY
v.        Record No. 0174-11-4                JUDGE ROSSIE D. ALSTON, JR.
                                                          NOVEMBER 8, 2011
FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Matthew W. Greene (Kathleen R. Bell; Greene Law Group, on
brief), for appellants.

Donna R. Banks, Assistant County Attorney (David P. Bobzien,
County Attorney; Peter D. Andreoli, Deputy County Attorney;
Mario A. Bezzini, Guardian *ad litem* for the minor children, on
brief), for appellee.


Dean and Ashley Marrison appeal an order adjudicating their minor children abused and

neglected.  On appeal, the Marrisons argue that the circuit court erred in denying their motions to

dismiss because the Fairfax County Juvenile and Domestic Relations District Court lacked

subject matter jurisdiction after it failed to conduct an initial hearing within five business days of

removal of the children, as required by Code § 16.1-251(B).  Assuming without deciding that the

initial hearing was not timely under Code § 16.1-251(B), for the reasons that follow, we

nevertheless hold that the circuit court did not err in denying the Marrisons' motions to dismiss.

I.  BACKGROUND

Ashley Marrison (mother) has four children:  A., born in April 2007, C., born in August

2008, and twins D. and M., born in October 2009.  Dean Marrison (father) is the father of D. and

M., and all four children lived with the Marrisons prior to their adjudication as abused and

neglected. In January 2010, M. tragically died as a result of apparent neglect. M. was dirty, emaciated, and possibly dehydrated upon his death.

The Department of Family Services (DFS) investigated the circumstances of M.'s death and inspected the Marrisons' home. Father told DFS that he fed M. several times on the morning of M.'s death; however, father did not hold M. while feeding him but instead "propped a bottle" on a blanket or pillow near M. Father later found M. facedown in his crib when father and mother returned home after leaving to buy videogames in the afternoon. DFS found that the Marrison home was dirty and cluttered, smelled strongly of urine in some areas, contained no formula, and contained little food. In addition, DFS found that A., C., and D. were also dirty and had strong body odors indicating a lack of cleanliness.

On the evening of January 31, 2010, A., C., and D. were seen at the emergency room of a local hospital. Emergency room personnel asked mother to return with the children for an appointment with a pediatrician the following morning because the children had not been provided standard wellness checks. Mother did not return with the children for their pediatric appointment the following morning.

On February 1, 2010, DFS removed the children from the Marrisons and placed them in DFS's custody. On February 3, 2010, DFS filed sworn petitions and affidavits alleging that each of the children was abused and/or neglected. DFS sought and obtained *ex parte* emergency removal orders for all three children. A hearing on the emergency removal orders was set for February 8, 2010. However, on Thursday, February 4, 2010, a significant amount of snow fell in Fairfax County and most of the metropolitan Washington, D.C., area. As a result, on Friday,

February 5, 2010, the Fairfax County courts closed at 2:00 p.m.[1] The Fairfax County courts were also closed because of inclement weather on Monday, February 8, 2010, Tuesday, February 9, 2010, Wednesday, February 10, 2010, and Thursday, February 11, 2010. The Fairfax County courts reopened on Friday, February 12, 2010. However, they were again closed on Monday, February 15, 2010, in observance of Presidents' Day. Despite the fact that the courts were officially closed on Monday, February 15, 2010, the J&DR court entered an order *sua sponte* rescheduling the hearing on the emergency removal orders for February 18, 2010.

The hearing on the emergency removal orders was held on February 18, 2010. The Marrisons each moved to dismiss the abuse and neglect petitions, arguing that the J&DR court lacked jurisdiction because there was no hearing within five days of the children's removal, as required by Code § 16.1-251(B). The J&DR court concluded that five business days had not elapsed between the date the hearing was held, February 18, 2010, and the filing of the abuse and neglect petitions on February 3, 2010, because the J&DR courts were closed for several days as a result of inclement weather. The J&DR court also opined that Code § 16.1-251 imposes only a "procedural requirement, not a substantive right" and that the Marrisons had failed to show that they suffered any prejudice as a result of the hearing being held on February 18, 2010. Thus, the J&DR court denied the Marrisons' motions to dismiss. Upon the request of the Marrisons, the J&DR court continued the hearing until March 8, 2010.

On March 8, 2010, the J&DR court entered preliminary removal orders for the children and continued the matter for an adjudicatory and dispositional hearing on the petitions alleging

---

[1] Code § 16.1-69.35(5) provides the chief judge or presiding judge of any district court with the authority to "authorize the clerk's office to close on any date when the chief judge or presiding judge determines that operation of the clerk's office, under prevailing conditions, would constitute a threat to the health or safety of the clerk's office personnel or the general public."

abuse and/or neglect. On May 3, 2010, the adjudicatory and dispositional hearings on the petitions were held. The J&DR court entered orders finding that the children were abused and/or neglected as well as dispositional orders continuing legal custody of the children with DFS.

The Marrisons appealed the J&DR court order to the circuit court. Appearing before the circuit court, the Marrisons filed motions to dismiss all three petitions, arguing that the circuit court lacked continuing jurisdiction. The circuit court denied the Marrisons' motions to dismiss, holding that Code § 16.1-251(B) is directory and procedural, rather than mandatory and jurisdictional. Thereafter, the circuit court entered orders finding that the children were abused and/or neglected and remanded the cases back to the J&DR court. This appeal followed.

## II. ANALYSIS

"On appeal, questions of statutory interpretation are reviewed *de novo* by this Court." Hodges v. Dep't of Soc. Servs., Div. of Child Support Enforcement, 45 Va. App. 118, 123, 609 S.E.2d 61, 63 (2005).

Code § 16.1-251(B) provides: "Whenever a child is taken into immediate custody pursuant to an emergency removal order, a hearing shall be held in accordance with [Code] § 16.1-252 as soon as practicable, but in no event later than five business days after the removal of the child."

The Marrisons allege that the circuit court lacked subject matter jurisdiction over the instant petitions because the J&DR court lacked subject matter jurisdiction when it failed to comply with Code § 16.1-251(B). The parties dispute whether the initial hearing was timely held under Code § 16.1-251(B). The Marrisons allege that the hearing was not timely because there were six business days between the removal of the children on February 1, 2010, and the hearing on February 18, 2010: February 2, 3, 4, 12, 16, and 17. To the contrary, DFS alleges that the hearing *was* timely because Code § 16.1-252 required that notice of the hearing be given

- 4 -

to the Marrisons at least 24 hours in advance; thus, DFS argues, it would have been impossible for the J&DR court to hold the hearing earlier than February 18, 2010, and also comply with Code § 16.1-252.

We do not decide whether or not the hearing in the instant case was timely under the requirements of Code §§ 16.1-251(B) and -252. Instead, we assume without deciding that the hearing was not timely. Nevertheless, for the reasons which follow, we hold that the trial court did not err in denying the Marrisons' motions to dismiss for lack of subject matter jurisdiction because in our view Code § 16.1-251(B) is procedural and directory. Furthermore, the Marrisons failed to show that they suffered any prejudice as a result of the J&DR court's alleged failure to comply with Code § 16.1-251(B).

"Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999) (citing Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990)). Code § 16.1-241(A) grants the J&DR court exclusive original jurisdiction over all cases involving the custody, visitation, support, control or disposition of a child who is alleged to be abused or neglected. Upon appeal from the J&DR court, the circuit court's jurisdiction is derivative, meaning that it "'is the same as that of the court in which the action was originally instituted.'" Fairfax Cnty. Dep't of Family Servs. v. D.N., 29 Va. App. 400, 405-06, 512 S.E.2d 830, 832 (1999) (quoting Addison v. Salyer, 185 Va. 644, 651, 40 S.E.2d 260, 264 (1946)). Thus, if the J&DR court had subject matter jurisdiction in the instant case, so too did the circuit court upon appeal from the J&DR court order.

DFS filed petitions with attached affidavits in the J&DR court pursuant to Code § 16.1-241(A)(1) alleging that the children were abused and/or neglected. Under Code § 16.1-241(A)(1), this action invoked the subject matter jurisdiction of the J&DR court. Upon

- 5 -

appeal to the circuit court, the circuit court's jurisdiction was derivative of that of the J&DR court. Id. Therefore, the circuit court had subject matter jurisdiction in the instant case. This conclusion, however, does not *ipso facto* address the precise nature of our inquiry.

The Supreme Court of Virginia has recognized a critical distinction between a lack of subject matter jurisdiction and "'the unique statutory framework whereby a juvenile court and in turn a circuit court acquire the authority to *exercise* their subject matter jurisdiction.'" Nelson v. Warden of Keen Mountain Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001) (quoting David Moore v. Commonwealth, 259 Va. 431, 438, 527 S.E.2d 406, 409 (2000), overruled in part by Nelson, 262 Va. at 282, 552 S.E.2d at 76); see also Watkins v. Fairfax County Dep't of Family Servs., 42 Va. App. 760, 774 n.12, 595 S.E.2d 19, 26 n.12 (2004) (stating that "the term 'jurisdiction' has been loosely used by the Commonwealth's appellate courts to encompass under one 'shorthand' term, the concept of subject matter jurisdiction and the legally distinct but related concept . . . [of] the ability of a court to exercise its jurisdiction"). Where a statute contains "prohibitory or limiting language," the statute is mandatory, and a court cannot exercise its subject matter jurisdiction if the requirements of the statute have not been met. See Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638-39 (1994); Harris v. Commonwealth, 52 Va. App. 735, 744, 667 S.E.2d 809, 814 (2008). In contrast, where a statutory directive is merely directory and procedural, as opposed to mandatory and jurisdictional, failure to comply with the statutory requirement does not necessarily divest the court of the power to exercise its subject matter jurisdiction. See Jamborsky, 247 Va. at 511, 442 S.E.2d at 638-39. Stated more directly, the failure to follow a procedural requirement will not prevent a court from exercising its subject matter jurisdiction unless a party can show "some harm or prejudice caused by the failure" to follow the procedural requirement. Carter v. Ancel, 28 Va. App. 76, 79, 502 S.E.2d 149, 151 (1998). Thus, the question in this case is whether the

J&DR court's failure to comply with Code § 16.1-251(B) deprived the circuit court of the power to exercise its subject matter jurisdiction.

Virginia law holds that the plain language of a statute determines whether it is mandatory and jurisdictional or directory and procedural. The Supreme Court of Virginia has repeatedly held that "the use of 'shall,' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent." Jamborsky, 247 Va. at 511, 442 S.E.2d at 638; accord Carter, 28 Va. App. at 79, 502 S.E.2d at 151 (quoting Caccioppo v. Commonwealth, 20 Va. App. 534, 537, 458 S.E.2d 592, 594 (1995) (citations omitted)). To determine whether such a statute "manifests a contrary intent," this Court must determine whether the statute contains "prohibitory or limiting language." Jamborsky, 247 Va. at 511, 442 S.E.2d at 638.

We hold that the circuit court had the power to exercise its subject matter jurisdiction because Code § 16.1-251(B) is by its very construction procedural and directory. First, we note that Code § 16.1-251(B) directs the acts of *public officials*, here the judges of the J&DR courts; thus, absent manifest contrary intent, the use of the word "shall" in Code § 16.1-251(B) does not suggest that the statute is mandatory and jurisdictional. Carter, 28 Va. App. at 79, 502 S.E.2d at 151 (quoting Caccioppo, 20 Va. App. at 537, 458 S.E.2d at 594 (citations omitted)).

Moreover, we find no such manifest contrary intent in Code § 16.1-251(B). Code § 16.1-251(B) governs the timing of court proceedings. The Supreme Court of Virginia and this Court have held that similar statutes governing the timing of court proceedings and the actions of courts are likewise directory and procedural. See Jamborsky, 247 Va. at 508, 511, 422 S.E.2d at 637, 638 (holding that Code § 16.1-269(E), which provided that the circuit court "shall" take certain actions in cases referred to it from the J&DR court within 21 days after receipt of the case, was directory and procedural); Turner v. Commonwealth, 216 Va. 666, 667, 669, 222

S.E.2d 517, 518, 520 (1976) (holding that Code § 16.1-176(a)(3), which provided that the J&DR court "shall" give notice of a hearing on retention of jurisdiction over certain cases to various parties "at least five days before the hearing," was directory and procedural); Harris, 52 Va. App. at 743-44, 667 S.E.2d at 813-14 (holding that Code § 16.1-277.1(B), which provides that, in certain situations, the J&DR court "shall" conduct an adjudicatory or transfer hearing on matters charged in a criminal petition against a juvenile within 120 days from the date the petition is filed, is directory and procedural).  In addition, although Code § 16.1-251(B) does provide that the hearing shall be held "in no event" later than five business days after the removal of the child, this phrase does not suggest an intent that the statute be deemed mandatory and jurisdictional.  Code § 16.1-251(B) contains no explicit penalty for failure to comply with the five-day requirement nor explicitly renders a hearing held beyond the five-day period invalid.  See Harris, 52 Va. App. at 744, 667 S.E.2d at 814 (holding that Code § 16.1-277.1(B) is directory and procedural and noting that there is no language in the statute "that renders invalid an adjudicatory or transfer hearing held beyond the 120 days" specified by the statute as the time period in which the hearing "shall" be held).

Because Code § 16.1-251(B) does not expressly prohibit the J&DR court from conducting a preliminary removal hearing beyond the five-business-day period, is not prohibitive or limiting, and does not contain any manifestation of a contrary intent, we hold that Code § 16.1-251(B) is procedural and directory, rather than mandatory and jurisdictional.  Thus, we find that the circuit court appropriately exercised its derivative subject matter jurisdiction.

Having reached this conclusion, it follows that the Marrisons cannot successfully prevail in this appeal unless they can show "some harm or prejudice" caused by the failure to follow Code § 16.1-251(B).  Carter, 28 Va. App. at 79, 502 S.E.2d at 151.  The Marrisons alleged no such harm or prejudice before the circuit court or on appeal.

Therefore, upon *de novo* review, we find that the circuit court did not err in denying the Marrisons' motions to dismiss for lack of subject matter jurisdiction.

<u>Affirmed.</u>