COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Senior Judge Willis
Argued by teleconference

JOHN E. HAMILTON

OPINION BY
v.        Record No. 1922-11-4        JUDGE ROSSIE D. ALSTON, JR.
MARCH 19, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Karin Kissiah (Kissiah & Schaefer, PLLC, on briefs), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

John E. Hamilton ("defendant") appeals the trial court's denial of his motion for a new

sentencing. On appeal, defendant contends that the trial court did not properly follow the

procedures in Code § 9.1-902(H) and, accordingly, his case should be remanded for compliance

with Code § 9.1-902(H).[1] Because we find that the trial court substantially complied with Code

§ 9.1-902(H), we affirm the trial court's denial of defendant's motion for a new sentencing.

---

[1] Code § 9.1-902(H) states:

> Prior to entering judgment of conviction of an offense for which
> registration is required if the victim of the offense was a minor,
> physically helpless, or mentally incapacitated, the court shall
> determine by a preponderance of the evidence whether the victim
> of the offense was a minor, physically helpless or mentally
> incapacitated, as defined in [Code] § 18.2-67.10, and shall also
> determine the age of the victim at the time of the offense if it
> determines the victim to be a minor. Upon such a determination
> the court shall advise the defendant of its determination and of the
> defendant's right to withdraw a plea of guilty or nolo contendere.
> If the defendant chooses to withdraw his plea of guilty or of nolo
> contendere, his case shall be heard by another judge, unless the
> parties agree otherwise.

BACKGROUND

On appeal from the trial court's denial of defendant's motion for a new sentencing, this Court views the evidence "in the light most favorable to the Commonwealth, and accord[s] the Commonwealth the benefit of all inferences fairly deducible from the evidence." Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008) (internal citation and quotation marks omitted).

So viewed, the evidence indicated that defendant was indicted on five separate felony charges, consisting of two counts of aggravated sexual battery, two counts of indecent liberties, and one count of crimes against nature. During a hearing in the trial court on March 29, 2011, defendant entered a plea of guilty to each of the five felony charges. During the hearing, the trial court read the indictments, which stated the ages of each of the victims in the separate indictments, to defendant. Defendant pleaded guilty to each of the charges. Thereafter, the trial court considered the plea of guilty forms that defendant signed. Defendant's counsel informed the trial court that prior to the hearing defendant had reviewed with counsel a form identical to those presented to the trial court except for item 11 of the plea form; the paragraph informing defendant of the requirement that he register as a sex offender based on his conviction for each charge. The trial court addressed defendant on this point and asked defendant if he had been given a chance to read "that particular identical aspect of each one of these forms," to which defendant responded, "[Y]es." The trial court then asked defendant if he still intended to enter pleas of guilty to each of the five felonies, and defendant responded affirmatively.

Following the plea colloquy, the Commonwealth proffered the facts of the case. These facts indicated that defendant sexually abused multiple boys while holding a position as a baseball coach and as a host to a foreign exchange student. The investigation of the charges against defendant began in 2009 when K.E. reported to the Fairfax County Police Department

that defendant sexually molested him when he was five years old.  A detective followed up on this report by going to defendant's residence where F.G., a sixteen-year-old foreign exchange student, answered the door.  Later in the investigation, F.G. reported that defendant massaged him "which ended in fellatio and anal intercourse."

The Commonwealth also proffered that as part of its investigation, the Fairfax County Police Department issued a press release seeking additional information from individuals who may have had contact with defendant.  Following this press release, additional witnesses came forward.  J.C. reported that defendant exposed himself to and performed sexual acts on him when J.C. was between ten and thirteen years old.  T.T. and P.V. reported similar conduct involving defendant had occurred when they were minors.

Following the Commonwealth's proffer, the trial court accepted defendant's plea of guilty, noting it did so based on defendant's pleas and the proffered evidence.  On June 24, 2011, the trial court sentenced defendant to a total of fifty-five years' imprisonment for the five felony offenses.

On July 14, 2011, defendant filed a motion for a new sentencing hearing.  Defendant claimed that the provisions of Code § 9.1-902(H) applied to each of his convictions and were not followed at the sentencing hearing and that the sentence was thus voidable.

On August 26, 2011, the trial court held a hearing on defendant's motion for a new sentencing.  The trial court first concluded that Code § 9.1-902(H) applied only to defendant's conviction for crimes against nature in violation of Code § 18.2-361(A).  The trial court then denied defendant's request for a new sentencing.  In doing so, the trial court noted that the true purpose of Code § 9.1-902(H) "is to put the defendant on notice at the time of his plea and conviction that this conviction mandates or requires registration."

The trial court found that the defendant's plea satisfied the purpose of Code § 9.1-902(H) because he was repeatedly notified by the trial court of the registration requirement and he signed a written plea form that stated, "I understand that this conviction is for an offense for which registration is required." Further, according to the trial court, the evidence proffered by the Commonwealth demonstrated that the victim in the felony offense pertaining to the violation of Code § 18.2-361(A), F.G., was sixteen. The trial court concluded that the lack of a specific determination of the minor status of the victim and notification of the right to withdraw the plea was harmless error.[2]

This appeal followed.

---

[2] The trial court identified two rationales for denying defendant's request for a new sentencing hearing. Initially, the trial court concluded that the remedial purpose of Code § 9.1-902(H) was satisfied because defendant pleaded guilty with the knowledge that his felony convictions would require him to register as a sexual offender. Notwithstanding that reasoning, the trial court also concluded that even if it inadvertently violated Code § 9.1-902(H), such error was harmless in the context of this case.

Upon our review, we find that both rationales possess some foothold in our case law. See J.B. v. Brunty, 21 Va. App. 300, 305, 464 S.E.2d 166, 169 (1995) ("Thus, we find the harmless error analysis employed in Jamborsky [v. Baskins, 247 Va. 506, 442 S.E.2d 636 (1994)], in finding none of the defendant's rights was infringed as a result of the delay in the circuit court's assumption of jurisdiction over the charges is applicable here."); see also Weathers v. Commonwealth, 262 Va. 803, 805-06, 553 S.E.2d 729, 730 (2001) (providing that substantial compliance with the notice provisions of Code § 19.2-295.1 is sufficient absent any prejudice demonstrated by the defendant). However, we find the substantial compliance rationale better suited to address the issue raised in this case. While public officials should endeavor to strenuously comply with procedural statutes, it has long been the rule that "[a] statute directing the mode of proceedings by public officers is to be deemed directory, and precise compliance is not to be deemed essential to the validity of the proceedings . . . ." Jamborsky, 247 Va. at 511, 442 S.E.2d at 638 (quoting Commonwealth v. Rafferty, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991)). Accordingly, because we find that the trial court accomplished the purpose of Code § 9.1-902(H), though not in the precise manner detailed in the relevant statute, we find no initial error by the trial court from which to conduct a harmless error analysis. Moreover, because precise compliance with a procedural statute is not required, to warrant reversal a defendant must affirmatively show that the trial court's failure to precisely comply with the statute resulted in some harm or prejudice. See Marrison v. Fairfax Cnty. Dep't of Family Servs., 59 Va. App. 61, 68-69, 717 S.E.2d 146, 150 (2011) ("[T]he failure to follow a procedural requirement will not prevent a court from exercising its subject matter jurisdiction unless a party can show 'some harm or prejudice caused by the failure' to follow the procedural requirement." (quoting Carter v. Ancel, 28 Va. App. 76, 79, 502 S.E.2d 149, 151 (1998))). Thus, eschewing a harmless error

ANALYSIS

"This appeal presents a matter of statutory interpretation and is subject to *de novo* review by this Court." Commonwealth v. Barker, 275 Va. 529, 536, 659 S.E.2d 502, 504 (2008) (citing Wright v. Commonwealth, 275 Va. 77, 80-81, 655 S.E.2d 7, 9 (2008)).

A. Applicability of Code § 9.1-902(H) to Defendant's Convictions

Code § 9.1-902(H) states in pertinent part that,

> [p]rior to entering judgment of conviction of an offense for which registration is required if the victim of the offense was a minor . . . the court shall determine by a preponderance of the evidence whether the victim of the offense was a minor . . . as defined in [Code] § 18.2-67.10, and shall also determine the age of the victim at the time of the offense if it determines the victim to be a minor. Upon such a determination the court shall advise the defendant of its determination and of the defendant's right to withdraw a plea of guilty . . . .  If the defendant chooses to withdraw his plea of guilty . . . his case shall be heard by another judge, unless the parties agree otherwise.

On appeal, defendant argues that the trial court erred with respect to each of his five convictions in failing to find by a preponderance of the evidence that defendant's victims were minors and in failing to advise defendant of his right to withdraw his pleas of guilty. We disagree.

> When interpreting statutes, courts "ascertain and give effect to the intention of the legislature."  That intent is usually self-evident from the words used in the statute.  Consequently, courts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result.

analysis for consideration of whether the trial court substantially complied with the challenged statute preserves defendant's burden on appeal. See DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987) (finding that the burden is on appellant to show that the trial court erred); cf. Montgomery v. Commonwealth, 56 Va. App. 695, 702, 696 S.E.2d 261, 264 (2010) ("[T]he principle is well established that the Commonwealth bears the burden of proving the error was harmless.").  Accordingly, we focus the analysis herein on whether the trial court substantially complied with Code § 9.1-902(H).

Barker, 275 Va. at 536, 659 S.E.2d at 504 (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006) (citations omitted)).

Defendant asserts that the procedure detailed in Code § 9.1-902(H) applies seriatim to each of his five felony convictions because Code § 9.1-902(H) applies to "all charges where the victim was a minor." However, the plain language of the statute demonstrates that subsection H is not implicated by every offense where a minor is involved.

Code § 9.1-902(A) identifies the offenses for which registration as a sex offender is required and includes, *inter alia*, criminal homicide, murder, a sexually violent offense, and any offense listed in subsection B of Code § 9.1-902. The majority of these offenses requires registration automatically, regardless of any finding concerning the victim's age, physical status, or mental capacity. See Code § 9.1-902(B)(1) and 9.1-902(E). Code § 9.1-902(B)(2), however, identifies a subset of offenses that require registration only "[w]here the victim [was] a minor or [was] physically helpless or mentally incapacitated" and certain crimes are attempted or committed, including violations of Code § 18.2-361. Code § 9.1-902(H) addresses the offenses identified in subsection (B)(2), i.e., the offenses that require registration because the victim was a minor. Code § 9.1-902(H) (detailing the procedure a trial court shall conduct "[p]rior to entering judgment of conviction of *an offense for which registration is required if the victim of the offense was a minor, physically helpless, or mentally incapacitated*" (emphasis added)).

Here, defendant's conviction for crimes against nature in violation of Code § 18.2-361 is the only offense for which registration is required under subsection (B)(2) of Code § 9.1-902. Accordingly, defendant's conviction for crimes against nature is the only offense that implicates Code § 9.1-902(H), and the only offense for which the trial court was required to "determine by a preponderance of the evidence whether the victim of the offense was a minor," and upon such a determination, "advise the defendant of its determination and of the defendant's right to

withdraw a plea of guilty or nolo contendere." Code § 9.1-902(H). For the foregoing reasons, we limit our consideration of whether the trial court erred in failing to follow the procedures detailed in Code § 9.1-902(H) to defendant's conviction for crimes against nature.

### B. Alleged Violation of Code § 9.1-902(H)

Defendant asserts that he was harmed by the trial court's failure to comply with Code § 9.1-902(H) because he was unaware of his right to withdraw his guilty plea. Defendant alleges that error denied him a substantive right, the right to withdraw a guilty plea created by Code § 9.1-902(H), and constitutes a structural error that is not subject to harmless error analysis.

Assuming *arguendo* that Code § 9.1-902(H) grants defendant a substantive right to withdraw his guilty plea, we nevertheless hold that Code § 9.1-902(H)'s requirement that the trial court determine that the victim was a minor and advise the defendant of his right to withdraw his guilty plea is procedural in nature.[3]

As the Virginia Supreme Court has previously held, "[t]he use of 'shall,' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent." Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994). To determine whether a statute expresses a contrary intent, this Court must determine whether the statute contains "prohibitory or limiting language." Id. Absent such language, "the failure to

---

[3] A trial court's failure to comply with a statute may, at times, touch upon a defendant's substantive right. But, mere contact, standing alone, does not render a statute mandatory and jurisdictional. See Lebedun v. Commonwealth, 27 Va. App. 697, 718, 501 S.E.2d 427, 437 (1998) (finding no error where "[t]he Commonwealth's failure to strictly comply with the procedural requirements of [the challenged statute] violated no substantive right and did not prejudice [the defendant] . . ."); Howerton v. Commonwealth, 36 Va. App. 205, 211, 548 S.E.2d 914, 916-17 (2001) ("We have held that compliance with [the challenged statute] relating to procedures for instituting proceedings against juveniles is mandatory and jurisdictional. The failure to strictly follow the notice procedures contained in the Code deny the defendant a substantive right."); Caccioppo v. Commonwealth, 20 Va. App. 534, 537, 458 S.E.2d 592, 594 (1995) ("Such provisions are 'procedural in nature' and 'precise compliance is not to be deemed essential to the validity of the proceedings,' absent infringement of a substantive right." (quoting Jamborsky, 247 Va. at 511, 442 S.E.2d at 638).

follow a procedural requirement will not prevent a court from exercising its subject matter jurisdiction unless a party can show 'some harm or prejudice caused by the failure' to follow the procedural requirement." Marrison v. Fairfax Cnty. Dep't of Family Servs., 59 Va. App. 61, 68-69, 717 S.E.2d 146, 150 (2011) (quoting Carter v. Ancel, 28 Va. App. 76, 79, 502 S.E.2d 149, 151 (1998)).

In the present case, Code § 9.1-902(H) contains no prohibitory or limiting language that prevents the trial court from convicting and sentencing a defendant without first determining that a victim was a minor and advising the defendant of his right to withdraw his plea of guilty. "Absent such limiting language, the provision at issue is directory and procedural, rather than mandatory and jurisdictional." Jamborsky, 247 Va. at 511, 442 S.E.2d at 639.

Having reached this conclusion, it follows that defendant cannot prevail in this appeal "unless [he] can show 'some harm or prejudice caused by the failure'" to follow Code § 9.1-902(H). See Marrison, 59 Va. App. at 68-69, 717 S.E.2d at 150 (quoting Carter, 28 Va. App. at 79, 502 S.E.2d at 151). Thus, if the trial court substantially complied with the challenged statutory provision, absent attendant harm, defendant cannot prevail. See Weathers v. Commonwealth, 262 Va. 803, 805-06, 553 S.E.2d 729, 730 (2001).

After reviewing the record and the evidence in this case, we find that the trial court's *failure to apprise* defendant of his right to withdraw his guilty plea did not infringe or deny his *right* to withdraw his guilty plea. In reaching this conclusion, we note that, although defendant was aware of Code § 9.1-902(H) and referenced the statute in his motion for a new sentencing hearing, defendant did not seek to withdraw his guilty plea either before or after his sentencing event. Because defendant was aware of his right to withdraw his guilty plea but did not pursue it, we find that the trial court's failure to apprise defendant of his right to withdraw his guilty plea did not deny or infringe defendant's substantive right.

Additionally, we find that the trial court's failure to advise defendant of his right to withdraw his plea is not structural error. See Ray v. Commonwealth, 55 Va. App. 647, 651, 688 S.E.2d 879, 881 (2010) ("Structural error exists only in a very limited class of cases in which the error affects the very framework within which the trial proceeds in a manner that defies analysis by harmless error standards because it undermines the entire adjudicatory framework of a criminal trial." (citations and internal quotation marks omitted)); see also Campbell v. Campbell, 49 Va. App. 498, 505 n.4, 642 S.E.2d 769, 773 n.4 (2007) ("Generally, structural error is limited to error that deprives a litigant of a constitutional right."). Rather, for the reasons stated above, we hold that the requirement to advise defendant of his right to withdraw his guilty plea was procedural and directory.

Finally, we find that the record demonstrates substantial compliance with the challenged portion of the statute. See Weathers, 262 Va. at 805, 553 S.E.2d at 730 (providing that substantial compliance with the notice provisions of Code § 19.2-295.1 is sufficient absent any prejudice demonstrated by the defendant). As we read the plain language of the statute, Code § 9.1-902(H) is designed to ensure that a defendant is aware that pleading guilty to an offense listed in Code § 9.1-902(B)(2) may also, if the victim is a minor, physically helpless, or mentally incapacitated, require the defendant to register as a sex offender. Because registration is dependent on a factual predicate that is separate from the elements of the offense to which the defendant is pleading, Code § 9.1-902(H) requires the trial court to determine that the victim was a minor and, upon such a finding, to advise the defendant of his right to withdraw his plea of guilty "[p]rior to entering judgment of conviction." In application, Code § 9.1-902(H) ensures that the defendant has notice of the registration requirement before his plea is finalized.

While the trial court did not precisely follow the directions of Code § 9.1-902(H) in this case, defendant was aware prior to pleading guilty that the victim in the case was a minor and

that conviction of the offense would require him to register as a sexual offender. The trial court read to defendant the indictment for the crimes against nature charge, which stated that the victim, F.G., was sixteen years old. The trial court also informed defendant of the registration requirement, and defendant acknowledged this fact during the plea colloquy and in the signed "Plea of Guilty to a Felony" form memorializing his understanding. Moreover, defendant has not pointed to any prejudice he has suffered by the trial court's failure to strictly comply with the language of Code § 9.1-902(H). "Accordingly, we hold that, although the statute means what it says and its directions should be followed, there has been substantial compliance with it in this case," and defendant's conviction and sentencing were proper, "there having been no showing of prejudice to [defendant]." Weathers, 262 Va. at 805-06, 553 S.E.2d at 730.

CONCLUSION

Assuming without deciding that Code § 9.1-902(H) creates a substantive right to withdraw a guilty plea and the trial court failed to apprise defendant of this right, because we find that the trial court substantially complied with the challenged statute, we affirm defendant's conviction.

Affirmed.