COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

JONATHAN GABRIEL DANIELS

v.     Record No. 1133-13-4

CULPEPER COUNTY DEPARTMENT OF
 SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 12, 2013

FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Susan L. Whitlock, Judge

(V. R. Shackelford, III, on briefs), for appellant.

(Robert F. Beard; Beard Law, PC, on brief), for appellee.

(J. Michael Sharman; Commonwealth Law Offices, P.C., on brief),
Guardian *ad litem* for the minor children J.D., C.D., and K.D.

(David R. Danielli; Getty & Associates, P.C., on brief), Guardian
*ad litem* for the minor child A.K.

On May 20, 2013, the trial court entered orders terminating the residual parental rights of

Jonathan Gabriel Daniels (appellant) to his children, J.D., C.D., K.D., and A.K., pursuant to

Code § 16.1-283(C)(2).  On appeal, appellant argues the trial court erred:  1) in not holding the

termination hearing within ninety days of his notice of appeal as required by Code

§ 16.1-296(D), 2) in hearing the cases "after non-compliance with the applicable procedural

and/or time requirements of Title 16.1 of the Virginia Code," 3) in terminating appellant's

parental rights even though he did not receive the recommended psychological services, and

4) in finding clear and convincing evidence to support the terminations pursuant to Code

§ 16.1-283(C)(2).  Upon reviewing the record and briefs of the parties, we conclude this appeal

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Facts

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Appellant is the father of J.D., born on March 2, 2000, C.D., born on March 23, 2001, K.D., born on October 7, 2004, and A.K., born on June 13, 2010. The residual parental rights of the mother of J.D., C.D., and K.D., as well as the rights of the mother of A.K., have been terminated voluntarily.

J.D., C.D., and K.D. were removed from the home they shared with appellant and A.K.'s mother on November 12, 2010. Prior to the removal, the family had been receiving assistance and services from the Culpeper County Department of Social Services (CCDSS) and other

agencies since April of 2010. Despite this assistance, which included help paying rent and a psychological evaluation for appellant, the family's living situation had deteriorated.[1] On the day of the removal, CCDSS representatives found the house filthy, animals and animal feces in the house, and unsafe heating conditions. Appellant had been warned that the conditions in the home were unsafe, and he had promised to correct them.

On January 18, 2011, CCDSS was contacted because appellant and A.K.'s mother had left the hospital against medical advice with A.K., who had a severe bronchial infection and a compromised oxygen level. A.K. was removed from appellant's home on January 18, 2011.

CCDSS developed foster care service plans regarding all four children. The plans required appellant to receive parenting classes and training. Initially, appellant had supervised visitation with the children. However, this later arrangement was changed to therapeutic visitation because appellant made inappropriate comments to the children regarding their mother's choice to live with a sex offender rather than remain with them. Appellant's behavioral therapist reported that appellant's interaction with the children was not improving and he did not accept correction or help regarding parenting issues. Appellant received extensive services, including counseling, for more than two years, but he made no improvement in addressing his mental health and parenting issues.

As of October 2011 appellant was homeless. CCDSS had provided him with the services of a "Building on Basics" worker to help him with budgeting and finding appropriate housing, but he was unable to maintain suitable housing. At the time of the termination hearing on February 16, 2013, appellant was serving a twelve-month sentence for failing to pay child support.

---

[1] On July 26, 2010, Dr. A.J. Anderson conducted a mental health evaluation upon appellant. Anderson's report recommended further mental health treatment and parenting education for appellant.

## I.

Appellant argues the trial court erred in conducting the termination hearing on February 16, 2013, which was more than ninety days after March 9, 2012, when he perfected his appeal from the lower court's termination rulings. Code § 16.1-296(D) provides in pertinent part: "When an appeal is taken in a case involving termination of parental rights brought under § 16.1-283, the circuit court shall hold a hearing on the merits of the case within 90 days of the perfecting of the appeal." With regard to Code § 16.1-296(B), this Court stated:

> Where a statute contains "prohibitory or limiting language," the statute is mandatory, and a court cannot exercise its subject matter jurisdiction if the requirements of the statute have not been met. See Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638-39 (1994); Harris v. Commonwealth, 52 Va. App. 735, 744, 667 S.E.2d 809, 814 (2008). In contrast, where a statutory directive is merely directory and procedural, as opposed to mandatory and jurisdictional, failure to comply with the statutory requirement does not necessarily divest the court of the power to exercise its subject matter jurisdiction. See Jamborsky, 247 Va. at 511, 442 S.E.2d at 638-39. Stated more directly, the failure to follow a procedural requirement will not prevent a court from exercising its subject matter jurisdiction unless a party can show "some harm or prejudice caused by the failure" to follow the procedural requirement. Carter v. Ancel, 28 Va. App. 76, 79, 502 S.E.2d 149, 151 (1998).

Marrison v. Dep't. of Family Servs., 59 Va. App. 61, 68-69, 717 S.E.2d 146, 149-50 (2011).

As we observed with regard to Code § 16.1-296(B), Code § 16.1-296(D) "is not prohibitive or limiting, and does not contain any manifestation of a contrary intent . . . ." Id. at 70, 717 S.E.2d at 150. Thus, we find that Code § 16.1-296(D) is procedural and directory, rather than mandatory and jurisdictional. Moreover, appellant merely alleges that he was prejudiced because the services provided him and reports of those services were untimely. Appellant's allegation is speculative and does not demonstrate he sustained harm or prejudice. [2]

---

[2] Indeed, as opposed to resulting in harm to him, the delay in the proceedings flowed from appellant's own actions, as he concedes. The record demonstrates that the delay was due,

Accordingly, we find the trial court did not err in holding the termination hearing beyond the time constraint found in Code § 16.1-296(D).

## II.

Supplying timelines relating to the removal and termination proceedings involving the four children, appellant alleges the trial court erred in hearing the matters because the statutory time limits governing the matters were "repeatedly violated in the Culpeper Juvenile and Domestic Relations District Court in the cases for all children." Without advising this Court what violations he alleges occurred, appellant contends the violations were so numerous as to deny him due process. Appellant's assignment of error claims, in a general fashion, that the trial court erred in hearing the cases "after non-compliance with the applicable procedural and/or time requirements of Title 16.1 of the Virginia Code."

"'The purpose of assignments of error is to point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points.'" Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (quoting Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)). Consequently, it is the duty of an appellant's counsel "to 'lay his finger on the error' in his [assignment of error.]'" Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010 (quoting First Nat'l Bank of Richmond v. William R. Trigg, Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)).

---

at least in part, to appellant's motions for continuance, requests for time to retain alternate counsel, and failure to appear at a scheduled court hearing. He should not be heard to complain on appeal about alleged harm that resulted from his own requests for delay.

Appellant's assignment of error and accompanying argument are insufficient to "lay his finger" upon the trial court ruling challenged.[3] Appellant asks this Court to compare the time line with the statutory time limits and to discern for itself the violations that occurred. This we decline to do because it is not the function of appellate courts to search the record for an error that an appellant has failed to point out. Accordingly, we consider appellant's assignment of error waived, and we do not consider it.

III.

Appellant alleges the trial court erred in terminating his parental rights because, in 2010, Dr. Anderson recommended "interventions that would potentially improve [appellant's] functioning as a parent," but that CCDSS did not provide appellant with those recommended services. Rule 5A:20(e) requires an opening brief to contain "the argument (including principles of law and authorities) relating to each assignment of error." Appellant's argument in support of this assignment of error does not contain principles of law and authorities applicable to his contention. In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the

---

[3] Moreover, we find no indication in the record that appellant asserted in the trial court that the noncompliance with "procedural and/or time requirements" resulted in a denial of appellant's constitutional right to due process. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Rule 5A:18 applies to bar even constitutional claims. See Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992). Accordingly, Rule 5A:18 bars our consideration of this aspect of the assignment of error on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See, e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Supreme Court announced that when a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant, "the Court of Appeals may . . . treat a question presented as waived." In this case, we find appellant's failure to comply with Rule 5A:20(e) is significant. Accordingly, this issue is waived, and we do not consider it on appeal.

IV.

A termination of parental rights under Code § 16.1-283(C)(2) requires clear and convincing evidence that termination is in the best interests of the child and that

> the parent . . . without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

In addition,

> Proof that the parent . . . , without good cause, ha[s] failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan . . . shall constitute prima facie evidence of this condition.

Id.

In his argument that the evidence was insufficient to sustain termination of his parental rights pursuant to Code § 16.1-283(C)(2), appellant argues only that CCDSS did not make "reasonable and appropriate efforts" to provide appellant with services prior to the termination hearing. We thus confine our consideration of the sufficiency of the evidence to this issue.

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992).

The record proves that CCDSS provided appellant with a wide range of services with the goal of reunifying appellant with the children. Appellant was supplied with services to help him obtain and maintain appropriate housing. However, one year after the first three children were removed, appellant was actually homeless. In addition, he was later serving a twelve-month jail sentence at the time of the 2013 termination hearing. Despite the assistance provided through therapeutic visitation and counseling for a significant period of time, appellant made no progress toward appropriate interaction with his children and in behavior with regard to his children.

In this case, there was sufficient evidence to prove that the Department made reasonable and appropriate efforts to assist appellant. The trial court did not err in terminating appellant's parental rights.

## Conclusion

For the foregoing reasons, we find no error on the part of the trial court. We summarily affirm the decision of the trial court.

Affirmed.