# CIRCUIT COURT OF THE CITY OF RICHMOND

Center for Counseling and
Community Affairs, L.L.C.,
now known as
Civitas Health Services

v.

Department of Medical
Assistance Services
and Commonwealth of Virginia

August 22, 2014

Case No. CL14-1814

By Judge Melvin R. Hughes, Jr.

This case is before the court under statutes that allow an aggrieved party to appeal and seek judicial review of a Virginia administrative agency decision. The Virginia Administrative Process Act (APA) governs such appeals. See Va. Code § 2.2-4026. The appellant, Civitas Health Services asserts that the agency involved, the Virginia Department of Medical Assistance Services (DMAS), erred in its decision to reject a hearing officer's determination that DMAS' filing of a Case Summary was out of time because Civitas' Motion of Appeal to the agency was timely. After the hearing officer's decision in favor of Civitas, the Final Agency Decision remanded the case to the hearing officer with a direction to resolve the issues on the merits of the appeal. Civitas then filed its Petition, now before the court, for judicial review. The court finds no merit in Civitas' position and will uphold the Final Agency Decision which rejected the finding of the hearing officer.

The immediate question is whether the agency timely filed its Case Summary after Civitas noted its appeal of DMAS' determination of an overpayment for Civitas' services to Medicaid recipients. The underlying issue is whether Civitas' appeal for purposes of the thirty day deadline for DMAS' filing the Summary is counted from February 4 or February 11, 2013.

Civitas mailed its Notice of Informal Appeal, return receipt requested, to DMAS at 600 East Broad Street, 11th Floor, Richmond, Virginia 23219. Civitas' position is that the Notice was filed February 4, 2013, because that is the date the Notice was received by DMAS' designated Post Office. DMAS' position is that the Notice was not filed until February 11, 2013, the date it was stamped by its Appeals Division. Again, the filing date is important because DMAS is due to file its Case Summary within thirty days of the appeal 12 VAC 30-20-540(B). The court reviews agency appeals under well-known principles. *Johnston-Willis v. Kenley*, 6 Va. App. 231, 369 S.E.2d 1 (1988).

Under Va. Code § 32.1-325.1, a Medicaid provider can appeal a determination of overpayment. By regulation, "[w]henever DMAS or a provider is required to file a document, the document shall be considered filed when it is date stamped by the DMAS Appeals Division in Richmond, Virginia." See 12 VAC 30-20-520(D). Civitas contends that the hearing officer's finding of the February 4, 2013, receipt of its appeal request is a factual determination which is binding under Va. Code § 32.1-325.1. This would make the agency's filing of its Case Summary out of time under 12 VAC 30-20-540(B) because it was not filed within thirty days of receiving the Notice of Appeal. The court does not agree that this determination is binding as, the question poses one of law for the court to determine.

The above cited regulation establishing the timeframe for filing documents is plain and direct. It is a product of a legislative authorization to carry out through appropriate consistent regulations aimed at implementing that which the General Assembly has commanded. Under the Virginia APA "agency actions otherwise subject to this chapter and § 2.2-4103 of the Virginia Register Act shall be exempted from the operation of this article:[] 2. Regulations that establish or prescribe an agency organization, *internal practice or procedure*, including delegations of authority." Va. Code § 2.2-4006 (emphasis added). Thus, the agency, DMAS here, is empowered to enact through regulation the time that internal agency appeals are due.

The court does not agree that the filing time and manner of appeal is directory rather than mandatory. According to *Morrison v. Department of Family Services*, when a statute contains "prohibitory or limiting language," the statute is generally mandatory and jurisdictional. 59 Va. App. 61, 68, 717 S.E.2d 146, 149–50 (2011). Virginia law holds that the plain language of a statute determines whether it is mandatory and jurisdictional or directory and procedural. *Id.* at 69, 717 S.E.2d at 150. Additionally, while the time in which a public officer "shall" perform an act is generally considered merely directory, it will be considered mandatory when the nature of the act to be performed shows that the designation of time was intended to be a limitation of power. *Smith v. Liberty Nursing Home, Inc.*, 31 Va. App. 281, 289–90, 522 S.E.2d 890, 894 (2000). The "shall" in question here directly limits the power of DMAS officials; they "shall" consider documents filed when the

documents are date stamped by the DMAS Appeals Division in Richmond, Virginia. There is no reason, in this instance, to give the time in which DMAS "shall" deem documents as filed a permissive or directory meaning.

In *Moore v. Brown*, a recent case, the Virginia Court of Appeals said: "[w]e afford great deference to administrative agencies in their interpretation of their own regulations. That deference, however, dissipates when the agency acts outside its delegable authority by failing to construe its regulations reasonably and in a manner consistent with the legislative directive." 63 Va. App. 375, 758 S.E.2d 68 (May 20, 2014). Moreover, the Court can only be asked to accept agency interpretations that are "reasonable in light of the principles of construction courts normally employ." *Id.* (quoting *Board of Supervisors v. State Bldg. Code Tech. Review Bd.*, 52 Va. App. 460, 466, 663 S.E.2d. 571, 574 (2008)).

In the case at hand, any agency interpretation that the filing date is the date of mailing receipt, the interpretation that Civitas seeks, rather than the date of stamping, would be an unreasonable interpretation of DMAS' own regulations. Therefore, the finding of the hearing officer was a misinterpretation of the Agency's own regulations, and it was appropriate for the Director to send the appeal back to the hearing officer for re-evaluation. Even if the hearing officer's interpretation were allowed to stand, the court would be reluctant to enforce it, given the above language of *Moore v. Brown*.

For the foregoing reasons, Civitas' appeal will be denied and the position of the agency upheld.